**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEFF MERKLEY, United States Senator,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | Case No. 18-cv-2226 (ABJ) |

**GOVERNMENT DEFENDANTS'[1] OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND SCHEDULE**

Plaintiff's motion to amend the schedule seeking an expedited hearing, filed more than a day after this Court set an already-expedited schedule for combined briefing on a motion for a temporary restraining order and defendants' forthcoming motions to dismiss—in a lawsuit that is clearly barred by well-settled precedent regarding Article-III standing of individual legislators—is without merit and should be denied. As this Court recognized at yesterday's status conference, Plaintiff had already delayed significantly in filing his complaint, despite knowing for months that there was a dispute over information related to the judicial nomination at issue in this case. *See, e.g.*, Compl. ¶ 68 (citing August 31, 2018 letter concerning "presidential privilege"). And, even after filing the complaint, Plaintiff waited an additional week before moving for expedited relief, even though various Senate votes had already been scheduled, rescheduled, and postponed, which (had they taken place) could have had the effect of mooting his entire case. Plaintiff was fully

---

[1] The Senate Defendants have represented to the Department of Justice (through the Office of Senate Counsel) that they consent to DOJ representation at least for purposes of opposing Plaintiff's motion to amend the schedule.

cognizant of all of these timing considerations yet failed to take prompt action to protect his purported rights.

Plaintiff now requests that this Court amend the schedule it adopted yesterday on the ground that the Senate Majority Leader has now filed a cloture motion, and because, if cloture is invoked, a final vote on Judge Kavanaugh's nomination may occur at some point this weekend. But those facts were fully presented (by Plaintiff's own counsel) at yesterday's on-the-record scheduling conference, and were already before the Court when it adopted the schedule that it did—without any objection from Plaintiff. *See* Unofficial Tr. of Oct. 3, 2018 Scheduling Conference at 21:7-18 ("MR. MEHRI: . . . So it's our understanding that the majority leader could file for clo[t]ure, a petition for clo[t]ure as early as today. . . . [A] vote could happen as early as Saturday.").

Plaintiff's motion for temporary restraining order appears not to seek an injunction that would actually bar the Senate from holding a vote—presumably because Plaintiff recognizes the constitutional problems with requesting such a remedy. Plaintiff's motion instead provides a wish list with respect to various document-related grievances, including seeking a privilege log, more convenient access to certain records designated "committee confidential," and so on. Accordingly, even if this Court were to hold a hearing immediately and grant Plaintiff's motion in its entirety, such an order would not prevent a vote from occurring over the weekend. And in light of the timing, at this point, it would be simply impossible to process, produce, or log any substantial portion of the (at least) hundreds of thousands (potentially, millions) of pages of documents for which Plaintiff is apparently seeking some sort of remedy through this lawsuit.

As the government defendants intend to explain in their combined brief in opposition to Plaintiff's motion for a temporary restraining order and motion to dismiss, and as Plaintiff's

request for an expedited hearing itself underscores, at bottom, Plaintiff's dispute is primarily with his fellow Senators. If Plaintiff disagrees with the decision of a majority of Senators to proceed with a vote on this schedule, then he is free to perform his constitutional advice and consent role by voting against cloture and, if cloture is invoked, by voting against the nominee. But Plaintiff's complaint and motion identify no case, statute, or constitutional provision that provide this Court jurisdiction to interfere in that process at the eleventh hour, let alone a statutory right to the information that he seeks (for the first time) via court order. Well-settled precedent from both the Supreme Court and the D.C. Circuit plainly forecloses any exercise of subject-matter jurisdiction over this case (and therefore also over Plaintiff's motion for a temporary restraining order), and Plaintiff's last-minute attempt to further expedite these proceedings despite his own extensive delay should be rejected.

Plaintiff's motion should be denied.

Dated: October 4, 2018              Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ERIC R. WOMACK
Assistant Branch Director

/s/ *Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar No. 995500)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11504
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

*Attorneys for the Government Defendants*